GREENBERG TRAURIG, LLP
Rick L. Shackelford (SBN 151262)
Hannah B. Shanks-Parkin (SBN 305753)
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: 310-586-7700; Fax:310-586-7800
Email:     ShackelfordR@gtlaw.com
               ShanksParkinH@gtlaw.com

Attorneys for Defendant Walmart Inc.

*ADDITIONAL COUNSEL ON
FOLLOWING PAGE*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDLER MCFALL and KAILEY MCDONALD, individually and on behalf of others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>PERRIGO COMPANY, and WALMART INC.,<br><br>Defendants. | Case No. 2:20-cv-07752-FLA (MRWx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint filed August 25, 2020<br>First Amended Complaint filed October 22, 2020<br><br>Assigned to the Hon. Michael R. Wilner; Courtroom 550<br><br>☐ Check if submitted without material modifications to MRW form |

STIPULATED PROTECTIVE ORDER

*ACTIVE 56653093v1*

Daniel J. Herling (SBN 103711)
djherling@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
44 Montgomery Street, 36th Floor
San Francisco, California 94104
Telephone:  415-432-6000
Facsimile:   415-432-6001

Nicole V. Ozeran (SBN 302321)
nvozeran@mintz.com
Adam B. Korn (SBN 331133)
abkorn@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Telephone:  310-586-3200
Facsimile:  310-586-3202

Melissa S. Weiner (pro hac vice)
mweiner@pswlaw.com
Joseph C. Bourne (SBN 308196)
jbourne@pswlaw.com
PEARSON SIMON & WARSHAW LLP
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Telephone: 612-398-0600; Fax: 612-398-0610

Gillian L. Wade (SBN 22914)
gwade@mjfwlaw.com
Sara D. Avila (SBN 263213)
savila@mjfwlaw.com
Marc A. Castenada (SBN 299001)
mcastenada@mjfwlaw.co,m
MILSTEIN JACKSON FAIRCHILD & WADE LLP
10990 Wilshire Boulevard, Suite 800
Los Angeles, CA 90024
Telephone: 310-396-9600; Fax: 310-396-9635

Hank Bates (SBN 167688)
hbates@cbplaw.com
David Slade (pro hac vice)
dslade@cbplaw.com
CARNEY BATES & PULLIAM PLLC
519 W. 7th Street
Little Rock, Arkansas 72201
Telephone: 501-312-8500; Fax: 501-312-8505

STIPULATED PROTECTIVE ORDER

Scott Edlesberg (SBN 330990)
scott@edelsberglaw.com
EDELSBERG LAW, P.A.
20900 NE 30th Avenue, Suite 417
Aventura, FL 33180
Telephone: 305-975-3320

Rachel Dapeer (pro hac vice pending)
rachel@dapeer.com
DAPEER LAW, P.A.
20900 NE 30th Avenue, Suite 417
Aventura, FL 33180
Telephone: 305-610-5523

Andrew Shamis (pro hac vice pending)
ashamis@shamisgentile.com
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue, Suite 1205
Miami, FL 33132
Telephone: 305-479-2299

Attorneys for PLAINTIFFS

STIPULATED PROTECTIVE ORDER

1. __INTRODUCTION__

    1.1    __PURPOSES AND LIMITATIONS__

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    1.2  __GOOD CAUSE STATEMENT__

    This consumer fraud case is likely to involve pricing lists, detailed sales data, trade secrets, and other valuable research, development, commercial, financial, technical and/or proprietary information relating to the products at issue in this litigation, for which special protection from public disclosure and from use for any purposes other than the prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices or other confidential personnel information that implicates the privacy rights of third parties, information otherwise generally unavailable to the public or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly,

STIPULATED PROTECTIVE ORDER

*ACTIVE 56653093v1*

to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that no document will be so designated without a good-faith belief that it has been maintained in a confidential manner and there is good cause why it should not be part of the public record of this case.

2.   DEFINITIONS

2.1   Action: this pending federal law suit. *Chandler McFall et al. v. Perrigo Company and Walmart Inc.*, United State District Court Case No.: 2:20-cv-07752-FLA (MRWx).

2.2   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   "ATTORNEYS' EYES ONLY" Information or Items: especially sensitive "CONFIDENTIAL" information or documents that is designated as "Attorneys' Eyes Only" by a Producing Party based on a good faith belief that the information or documents are either (i) protected by the attorney-client, attorney work product immunity, or other applicable privilege related to any underlying claims asserted in the case but have nonetheless been produced voluntarily, (ii)

2

STIPULATED PROTECTIVE ORDER

contain trade secrets or other commercially sensitive information, (iii) contain highly sensitive financial information whose public disclosure would create a clearly defined and very serious injury, or (iv) contain confidential, proprietary, or commercially or personally sensitive information that, if disclosed to the other party or to a non-party would create a substantial risk of serious harm to the Producing Party that could not be avoided by less restrictive means and that, if not disclosed to the other party (but rather only to its counsel) would not prejudice that party's ability to prosecute or defend against the claims alleged in this action.

2.5    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.7    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9    <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have

appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12 <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.16 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    <u>DURATION</u>

4

STIPULATED PROTECTIVE ORDER

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5

STIPULATED PROTECTIVE ORDER

5.2   Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions or other oral testimony to be recorded in a written transcript, the Designating Party may designate information as

6

STIPULATED PROTECTIVE ORDER

"Confidential" or "Attorneys' Eyes Only" by making a statement on the record to that effect during the deposition or proceeding at issue. The court reporter shall separately bind the designated portion of the deposition transcript and all designated exhibits. The separately bound deposition material shall be marked in accordance with its designation, as "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY, SUBJECT TO PROTECTIVE ORDER." Alternatively, the Designating Party may, within a reasonable time after the deposition transcript is delivered to the Designating Party, provide to all counsel written notice identifying the specific portion (by page and line numbers) that the Designating Party seeks to protect, and all parties to the litigation will mark the pages with the appropriate legends..

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information  is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

STIPULATED PROTECTIVE ORDER
ACTIVE 56653093v1

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding will be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

STIPULATED PROTECTIVE ORDER

*ACTIVE 56653093v1*

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may

STIPULATED PROTECTIVE ORDER

be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    Disclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to the following individuals and/or under the following conditions:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees or contractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) experts or consultants retained by the Receiving Party (including their employees, associates and support staff) to whom disclosure is reasonably necessary for this Action, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c) the author or recipient of a document containing the information;

(d) an Expert (as defined in this Order) of the Producing Party may be shown or examined on any information, document or thing designated "ATTORNEYS EYES ONLY" during his or her deposition;

(e) the Court and its personnel as well as court reporters and the staff of court reporting services;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by Parties engaged in settlement discussions; and

*ACTIVE 56653093v1*

(h) such other persons as the Parties may agree in writing and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification will include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

11

STIPULATED PROTECTIVE ORDER

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.   Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

STIPULATED PROTECTIVE ORDER

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Pursuant to Fed. R. Evid. 502(d), the production of privileged or work-product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. Nothing in this paragraph shall require a party to produce documents that are protected from disclosure. This paragraph shall be interpreted to provide the greatest protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

If the Requesting Party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the

13

STIPULATED PROTECTIVE ORDER

Requesting Party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the Designating Party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the Designating Party of the information.

A Designating Party must give written notice to any Requesting Party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request").  After a clawback request is received, the Requesting Party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose.  The Parties shall meet and confer regarding any clawback request.

12.   <u>MISCELLANEOUS</u>

12.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3  Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material

under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.  <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

*ACTIVE 56653093v1*

14.   Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

Dated:      April 15, 2021            PEARSON SIMON & WARSHAW LLP

                                      By:  */s/ Melissa S. Weiner*
                                           MELISSA S. WEINER
                                           JOSEPH C. BOURNE

                                      Attorneys for PLAINTIFFS

Dated:      April 15, 2021            MILSTEIN JACKSON FAIRCHILD & WADE LLP

                                      By:  */s/ Gillian L. Wade*
                                           GILLIAN L. WADE
                                           SARA D. AVILA
                                           MARC A. CASTENADA

                                      Attorneys for PLAINTIFFS

Dated:      April 15, 2021            CARNEY BATES & PULLIAM PLLC

                                      By:  */s/  Hank Bates*
                                           HANK BATES
                                           DAVID SLADE

                                      Attorneys for PLAINTIFFS

16

STIPULATED PROTECTIVE ORDER

1    Dated:     April 15, 2021           EDELSBERG LAW, P.A.

2

3                                        By:   /s/  Scott Edelsberg
                                               SCOTT EDELSBERG
4
                                               Attorneys for PLAINTIFFS
5

6
7    Dated:     April 15, 2021           DAPEER LAW, P.A.

8
                                         By:   /s/  Rachel Dapeer
9                                              RACHEL DAPEER

10                                             Attorneys for PLAINTIFFS

11

12   Dated:     April 15, 2021           SHAMIS & GENTILE, P.A..

13
                                         By:   /s/  Andrew Shamis
14                                             ANDREW SHAMIS

15                                             Attorneys for PLAINTIFFS

16

17   Dated:     April 15, 2021           GREENBERG TRAURIG LLP

18
                                         By:   /s/  Rick L. Shackelford
19                                             RICK L. SHACKELFORD
                                               HANNAH PARKS-SHANKIN
20
                                               Attorneys for WALMART INC.
21

22
23   Dated:     April 15, 2021           MINTZ LEVIN COHN FERRIS
                                         GLOVSKY AND POPEO, P.C.
24

25                                       By:   /s/  Daniel J. Herling
                                               DANIEL J. HERLING
26                                             NICOLE V. OZERAN
                                               ADAM B. KORN
27
                                               Attorneys for PERRIGO COMPANY
28
                                              17
                           STIPULATED PROTECTIVE ORDER
     *ACTIVE 56653093v1*

1

2

## ATTESTATION REGARDING SIGNATURES

3

*I, Hannah B. Shanks-Parkin, attest pursuant to L.R. 5-4.3.4(a)(2)(i) that all*

4

*signatories listed, and on whose behalf the filing is submitted, concur in the filing's*

*content and have authorized the filing.*

5

DATED:    April 15, 2021          */s/ Hanna B. Shanks-Parkin*

6

                                        Hanna B. Shanks-Parkin

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

*ACTIVE 56653093v1*

1

## **<u>ORDER</u>**

2

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

3

4

DATED: April 16, 2021

5

_____

HON. MICHAEL R. WILNER
United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

*ACTIVE 56653093v1*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____

[**full address**], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States

District Court for the Central District of California on [date] in the case of

_____ [**insert case name and number**]. I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [**full

name**] of _____ [**full address and

telephone number**] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

2

STIPULATED PROTECTIVE ORDER

*ACTIVE 56653093v1*

1 | Signature: _____

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

*ACTIVE 56653093v1*